IN THE COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY GRAY,<br>AIS # 196022, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION NO.<br>) 2:06-CV-749-ID |
| INEZ ALEXANDER, et. al., | )<br>)<br>) |
| Defendants. | ) |

**SPECIAL REPORT**

Come now the Alabama Department of Corrections (hereinafter referred to as ADOC) Defendants, Inez Alexander and Carol Longmire, by and through the undersigned counsel in the above styled action, and file this Special Report as follows:

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that his constitutional rights under the Eighth and Fourteenth Amendments was violated by Defendants, specifically that the Defendants denied him his due process rights concerning a disciplinary he received for Indecent Exposure/Exhibitionism.

**DEFENSES**

The Defendants deny that they have violated the constitutional rights of the Plaintiff and demand the strict

proof thereof.

The Defendants allege that the Plaintiff has failed to state a claim upon which relief can be granted.

The Defendants allege that the Plaintiff has failed to state a claim upon which a 42 U.S.C.§ 1983 action can be maintained.

The Defendants allege that at least part of the Plaintiff's claim is based upon the theory of respondeat superior and cannot be maintained under 42 U.S.C. § 1983.

The Defendants plead the general defense.

The Defendants allege that they are entitled to qualified immunity against the claims of the Plaintiff.

The Defendants allege that they are entitled to absolute immunity against the claims of the Plaintiff.

The Defendants allege that the Plaintiff suffered no loss of a liberty interest in the complained of disciplinary.

The Defendants reserve the right to amend their defenses, including the addition of affirmative defenses, upon the receipt of information through discovery and otherwise.

## STATEMENT OF FACTS

Plaintiff is an inmate presently incarcerated at the Ventress Correctional Facility. He has brought this action after receiving a disciplinary hearing for Indecent

Exposure/Exhibitionism. On April 17, 2006, at the Ventress Correctional Facility, the Plaintiff was observed by CO I Alexander masturbating while looking at her. She ordered Inmate Gray to the dorm's lobby area and verbally reprimanded him on his negative behavior. Later Officer Alexander wrote Inmate Gray a disciplinary for Indecent Exposure/Exhibitionism. Inmate Gray was served with the disciplinary on April 18, 2006. No witnesses were requested. On April 25, 2006, Inmate Gray received his disciplinary hearing. The Hearing Officer found Inmate Gray guilty and recommended a sanction of forty-five (45) days in disciplinary segregation, loss of thirty (30) days of privileges and loss of thirty days of good time. The Hearing Officer's recommendation was approved by the Warden.

**ARGUMENT**

Code of Alabama § 14-1-8 (6) 1975, states as one of the functions of the Department of Corrections is to

> "promulgate such rules and regulations necessary to hygiene, sanitation, cleanliness, healthfulness, feeding of prisoners, management and security of all prisons and jails."

As such, the Department of Corrections has published rules and regulations. The publication of rules is sufficient for the purpose of due process to put the plaintiff on notice as to

the rules he was required to obey.  See e.g., United States v. Vasarajs, 908 F.2d. 443 (9th Cir. 1990) (Generally disgusting in a criminal context satisfaction of due process notice requirements through publication).

The courts, have repeatedly recognized that the operation of a penal institution is, at best, a difficult assignment and that penal authorities must be given broad ranging discretion and latitude in which to carry out their duties. See Hewitt v. Helms, 459 U.S. 460,103 S.Ct. 864,74 L.Ed.2d 675(1983). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their Judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520,547, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979); Sims v. Mashburn, 25 F.3d 980 (11th Cir. 1994).

Defendants allege that some of the sanctions imposed upon the Plaintiff in this disciplinary do not amount to a loss of a liberty interest. In Sandin v. Conner, 115 U.S. 2298 (1995), Conner alleged that Hawaii prison officials deprived him of procedural due process when a committee refused to allow him to present witnesses during a disciplinary hearing and then sentenced him to segregation for misconduct. The

Supreme Court held that discipline in segregated confinement did not present the type of a typical, significant deprivation which would create a liberty interest and entitle the prisoner to protection under Wolff v. McDonnell.

> [As such, disciplinary segregation is not a 'dramatic departure' from the ordinary conditions of confinement nor is it a 'major disruption in [prisoners'] environment.' Thus, under the authority of Sandin v. Conner, prisoners sentenced to loss of privileges have no protected interest requiring the due-process protection outlined in Wolff v. McDonnell." See Earl Howard v. Deborah Wormely, et al., Mag. Op. CV-94-PT-2280-M(N.D. Ala. June 22, 1995), p. 4.

As to Inmate Gray loss of good time, the Defendants argue that Inmate Gray received all of the due process rights as enunciated in Wolff v. McDonnell, 418 U.S. 539, 41 L.Ed.2d 935, 94 S.Ct.2963 (1974). The Defendants argue that the disciplinary hearing provided for Plaintiff was sufficient and did comport with the standards spelled out in Wolff. In Wolff, the United States Supreme Court set forth the due process mandates in a prison disciplinary proceeding as (1) the inmate must be given advance written notice of the charges, (2) an opportunity to call witnesses and present documentary evidence provided it will not be unduly hazardous to institutional safety or correctional goals and (3) the fact-finders must issue a written statement stating the evidence relied upon and the reasons for any disciplinary action. The Plaintiff was provided all of those Fourteenth Amendment due

process rights. The Plaintiff's complaint does not state a claim upon which relief can be granted. Additionally, there was "some evidence" as required by <u>Superintendent v. Hill</u>, 472 U.S. 445 (1985).

As there are no issues of material fact and for the reasons herein stated, the ADOC Defendants pursuant to F.R.C.P. 56(b), request that a motion for summary judgment be granted in their favor.

> Respectfully submitted,
>
> Kim T. Thomas
> General Counsel
> Assistant Attorney General
>
> /S/Albert S. Butler
> Albert S. Butler
> Assistant General Counsel
> Assistant Attorney General

<u>ADDRESS OF COUNSEL</u>:
Alabama Department of Corrections
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing documents upon:

Inmate Anthony Gray, AIS #196022
Ventress Correctional Facility
P. O. Box 767
Clayton, Alabama 36016

by placing a copy of said documents in the U.S. Mail, postage prepaid on October 3, 2006.

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney General

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Anthony Gray, Jr.,  #196022 )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. 2:06CV749-ID
 )
COI Inez Alexander, Sgt. Carolyn )
  Longmire )
 )
    Defendants. )

## AFFIDAVIT

Before me, the undersigned Notary Public, did personally appear Inez Alexander, who being duly sworn, deposes and presents the following affidavit.

My name is Inez Alexander and I am an individual over the age of twenty-one years. I am employed with the State of Alabama, Department of Corrections at Ventress Correctional Facility, Clayton, Alabama. I am employed in this capacity as a Correctional Officer I. I have read the complaint in the above styled cause and note that inmate Gray alleges that on April 17, 2006 at approximately 11:39 a.m. and 11:44 a.m., he was stopped by Officer Alexander and asked what he was doing at the urinal that morning. He alleges that he replied, "what are you talking about?" He further claims that COI Alexander responded "Don't worry, I'm going to check your jacket, you can leave."

Page 2
Affidavit – Inez Alexander

The circumstances are as follows: on April 17, 2006, Inmate Anthony Gray was seen by me, Officer Alexander standing in 7 dorm on B side in front of the urinal stroking his exposed and erect penis while watching me in 7 dorm cubicle. I, Inez Alexander, COI did initiate disciplinary action for Rule Violation #38, specifically, "Indecent Exposure/Exhibitionism." This is the extent of my involvement in this incident.

The before mentioned facts are true and correct to the best of my knowledge.

_Inez Alexander_   9/19, 2006
Inez Alexander      Date

State of Alabama  )

Barbour County  )

Sworn to and subscribed before me this 19th day of September, 2006.

_Reba D Currie_
Notary Public

My Commission Expires: 9-8-08

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Anthony Gray, Jr.,   #196022 | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:06CV749-ID ) |
| COI Inez Alexander, Sgt. Carolyn Longmire | ) ) ) |
| Defendants. | ) ) |

### AFFIDAVIT

Before me, the undersigned Notary Public, did personally appear Carolyn Longmire, who being duly sworn, deposes and presents the following affidavit.

My name is Carolyn Longmire and I am an individual over the age of twenty-one years. I am employed with the State of Alabama, Department of Corrections at Ventress Correctional Facility, Clayton, Alabama. I am employed in this capacity as a Correctional Officer II. I have read the complaint in the above styled cause and note that inmate Gray alleges that due to the fact that I am a female Sergeant and was the hearing officer who found him guilty for Rule Violation #38, "Indecent Exposure/Exhibitionism" at his hearing on April 25, 2006, that his due process rights and Amendment 8 were violated.

Page 2
Affidavit – Carolyn Longmire

On April 25, 2006, I was the Hearing Officer for a disciplinary on Inmate Anthony Gray, B/196022. Inmate Gray was charged for violation Rule Violation #38, "Indecent Exposure/Exhibitionism." Inmate Gray was found guilty based on the arresting officer's testimony which I accepted and believed. I have no knowledge of any other dealings with inmate Gray.

The before mentioned facts are true and correct to the best of my knowledge.

_Carolyn Longmire_  9-19-06
Signature                Date


State of Alabama   )

Barbour County    )

Sworn to and subscribed before me this 19th day of September, 2006.

_Reba J Currie_
Notary Public

My Commission Expires: 9-8-0 E

# A F F I D A V I T

)
)
)
)
)

STATE OF ALABAMA

I, Reba T. Currie, hereby certify and affirm that I am an ASAIII, at Ventress Correctional Facility; that I am one of the custodian of records at this institution; that the attached documents are true, exact, and correct photocopies of certain documents maintained here in the institutional files; and that I am over the age of twenty-one years and am competent to testify to the aforesaid documents and matters stated therein.

I further certify and affirm that said documents on Anthony Gray, #196022 are maintained in the usual and ordinary course of business at the Ventress Correctional Facility; and that said documents were made at, or reasonably near the time that the transactions referred to therein are said to have occurred.

This, I do hereby certify and affirm to on this the 21st day of Sept., 2006.

_Reba D Currie_
Signature

SWORN TO AND SUBSCRIBED BEFORE ME THIS 21st DAY OF Sept, 2006.

_Carolyn W. Daniels_
Notary Public
My Commission Expires: 04/06/2010

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: VENTRESS CORRECTIONAL FACILITY | 2. Date: April 17, 2006 | 3. Time: 9:40 AM | 4. Incident Number: IN 06-496 | Class Code: |
|---|---|---|---|---|

| 5. Location Where Incident Occurred: Dorm 7 Bathroom | 6. Type of Incident: #38; Indecent Exposure/Exhibitionism; |
|---|---|
| 7. Time Incident Reported: 9:45 AM | 8. Who Received Report: Sgt. Dorothy Flowers |

**9. Victims:**
| | Name | | AIS |
|---|---|---|---|
| a. | N/A | No. | N/A |
| b. | | No. | |
| c. | | No. | |

**10. Suspects:**
| | Name | AIS |
|---|---|---|
| a. | Anthony Gray | No. B/196022 |
| b. | | No. |
| c. | | No. |
| d. | | No. |
| e. | | No. |

**11. Witnesses:**
| | Name | | AIS |
|---|---|---|---|
| a. | N/A | No. | N/A |

**PHYSICAL EVIDENCE:**
12. Type of Evidence: N/A

13. Description of Evidence: N/A

14. Chain of Evidence: N/A

15. Narrative Summary: On April 17, 2006, at approximately 9:40 a.m., Officer Inez Alexander was assigned as dormitory 7 Cubicle Officer. Officer Alexander observed inmate Anthony Gray, B/196022, standing at the urinal on 7B stroking his exposed erect penis in an upward and downward motion, while looking directly at Officer Alexander in Cubicle 7. Officer Alexander gave inmate Gray a direct order to report to 7 dorm's lobby area. Inmate Gray complied. Officer Alexander verbally reprimanded inmate Gray concerning inmate Gray's negative behavior. At approximately 9:45 a.m., Officer Alexander reported the incident to Sgt. Dorothy Flowers. Inmate Gray remains in population pending disciplinary action for Rule Violation #38; Indecent Exposure/Exhibitionism from Administrative Regulation #403. No further action taken at this time.

Inez Alexander, COI

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division    COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Institutional File    COPY to Central Records Office



**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT**

DOC Form 225B (Revised 7/92)

DISC. 06-145

1. INMATE: __Anthony Gray__    CUSTODY: __ME__    AIS NO.: __B/196022__
2. FACILITY: __VENTRESS CORRECTIONAL FACILITY__
3. The above named inmate is being charged by __Officer Inez Alexander__ with a violation of rule __#38__ specifically: __Indecent Exposure/Exhibitionism__ from regulation # __403__, which occurred on or about __April 17, 2006__ at (time) __9:40 AM__, Location: __Dorm 7B Urinal Area__. A hearing on this charge will be held after 24 hours from service.
4. Circumstances of the violation(s) are as follows: __You, inmate Anthony Gray, B/196022 were observed by Officer Alexander standing at the urinal stroking your exposed and erect penis while looking directly at Officer Alexander in the cubicle.__
5. __April 17, 2006__    __Inez Alexander, COI__ /s/ Inez Alexander, COI
   Date    Arresting Officer / Signature / Rank
6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the __18th__ day of __April__, 2006, at (time) __7:55 am__ (am/pm).
7. /s/ Felicia P. Williams, COI        /s/ Anthony Gray 196022
   Serving Officer / Signature / Rank    Inmate's Signature / AIS Number
8. Witnesses desired?  (NO) /s/ Gray    YES _____
   Inmate's Signature    Inmate's Signature
9. If yes, list: _____
10. Hearing Date __4-25-06__ Time __11:15 AM__ Place __Dorm #7 Ice Room__
11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.
12. A finding is made that inmate (is / is not) capable of representing himself.
    /s/ Carolyn Longmire COII
    Signature / Hearing Officer
13. Plea: /s/ Gray  (Not Guilty) _____ Guilty
14. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    /s/ Carolyn Longmire COII
    Signature / Hearing Officer
15. Arresting Officer's testimony (at the hearing): __Same as #4.__

Annex C to AR 403 ( Page 1 of 3 pages )

5-3-06
LY



Inmate's Testimony: __See attached questions.__

Witness: __N/A__  Substance of Testimony: _____

Witness: __N/A__  Substance of Testimony: _____

Witness: __N/A__  Substance of Testimony: _____

17. The Inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached. See attached.

    _Carolyn Longmire COII_
    Signature / Hearing Officer

18. The Following witnesses were not called — reason not called
    1. __N/A__
    2. __N/A__
    3. __N/A__

19. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that: On 4-17-06, inmate Anthony Gray was observed by Officer Inez Alexander stroking his exposed penis at the urnial, which is a violation of rule #38- Indecent Exposure/Exhibitionism.

20. Basis for Finding of Fact: Based on the arresting officer's testimony, which I accept, I find him guilty as charged.

21. Hearing Officer's Decision:  __X__ Guilty    __X__ Major
                                  ____ Not Guilty    ____ Minor

22. Recommendation of Hearing Officer: 45 days disciplinary seg, 30 days loss of store, visit, and telephone privileges 30 days loss of Good Time.

    _Carolyn Longmire COII_
    Signature / Hearing Officer
    Carolyn Longmire, COII
    Typed Name and Title

23. Warden's Action — Date __4-27-06__
    Approved _[signature]_
    Disapproved
    Other (specify)

24. Reason if more then 30 calendar days delay in action.

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the __28__ day of __April__ 2006, at (time) __12:06__ (am/pm).

    _[signature]_                    _Refused to sign [signature]_  04/28/06
    Signature / Serving Officer / Title    Inmate's Signature and AIS Number

    Annex C of AR 403 (page 2 of 3 pages)

Anthony Gray
196022

(1) Why did you ask me what I was doing at the urinal one hour? And I would say 30 to 40 minutes coming from chow. I know what he was doing.

(2) If I was masturbating at the urinal why you didn't called me to the cubicle right then or radio for assistance, or ask for ID I didn't need to radio for assistant, I know what he was doing.

(3) How could you tell if I was stroking my penis or shaking the urine off my penis. It didn't take him that long to shake urine from his penis.

(4) The Disciplinary states that I was stroking my penis, why did you wait until I come from chow and ask me what I was doing. I don't know what he is talking about when he came from chow.

(5) To whom it may concern, I had surgery last year, on my penis I have slow erection. I had this surgery in prison. Irrevelant.

N266

**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

Anthony Gray Jr.
196022
11 Dorm / 22 B

April 25th /2006

Dgf Carter

Warden Giles!
 And how are you, I really hate to bother you, My Name is Anthony Gray Jr. This is my 3RD time here at your Prison, When I found out you was from Tuscaloosa I should have introduce myself back then, I played football at the Univ. of Alabama in Tuscaloosa, My reason for writing you is very important if possible. I need to see you today, this matter has went to another level, I have communicated with several of your officers on all 3 shifts, And they recommend me to see you, because its way out of they hand.
~~this assult will cause me my family (daughter)~~

Anthony Gray Jr.

P.S. Warden Giles
right is right and wrong is wrong, two wrongs don't make a wrong!

#196022