IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY GRAY, JR., #196022, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:06-CV-749-ID |
| | )                     [WO] |
| | ) |
| INEZ ALEXANDER, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 20, 2007, the plaintiff, Anthony Gray, Jr. ["Gray"], filed a document in which he seeks to dismiss this case without prejudice. *Court Doc. No. 10.* The court therefore construes this document as a motion to dismiss. Upon consideration of the plaintiff's motion to dismiss, the court concludes that this motion is due to be granted. *See* Rule 41(a)(2), *Federal Rules of Civil Procedure*.

Dismissal without prejudice pursuant to Rule 41(a)(2) at the insistence of the plaintiff is committed to the sound discretion of this court and absent some plain legal prejudice to a defendant denial of the dismissal constitutes an abuse of this court's discretion. *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855 (11th Cir. 1986). Simple litigation costs, inconvenience to the defendant, and the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice. *Id. See also Durham v. Florida East Coast*

*Railway Company*, 385 F.2d 366 (5th Cir. 1967).

The court has carefully reviewed the file in this case and determined that even if the defendants were provided an opportunity to file a response to the plaintiff's motion to dismiss they would not be able to demonstrate the existence of clear legal prejudice. Consequently, the court concludes that this case should be dismissed without prejudice on the motion of the plaintiff.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's motion to dismiss be granted.

2. This case be dismissed without prejudice.

3. No costs be taxed herein.

It is further

ORDERED that on or before March 8, 2007 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of February, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE